Katherine OWINGS, Pro Ami, Appellant,

v.

Robert WHITE, Respondent.

No. 51370.

Supreme Court of Missouri,
En Banc.

June 14, 1965.

Galen Knowlton, Michael J. Drape, Knowlton & Drape, Kansas City, for appellant.

Harry Weed, Kansas City, for respondent.

HYDE, Judge.

Action for damages for personal injuries resulting from collision of two automobiles. The jury found for plaintiff but the trial court sustained defendant's motion to set aside the verdict and enter judgment in his favor. Plaintiff appealed from the judgment entered for defendant. We transferred the case here on defendant's ap-

plication after an opinion of the Kansas City Court of Appeals reversing and remanding for another trial.

The only testimony was that of plaintiff and a police officer. Plaintiff testified that on September 24, 1960, she was riding as a passenger in the second or middle seat of a station wagon behind the driver, Robert White, who was taking plaintiff and his own daughter to go horseback riding. The Rambler station wagon, in which plaintiff was a passenger, was going south on Elmwood and was involved in a collision with another automobile at the intersection of Elmwood and Blue Parkway. There was a stop sign for traffic on Elmwood and the defendant White stopped at the stop sign. When White started to make a left turn to go east on Blue Parkway, his automobile was struck by a westbound car on Blue Parkway. The front end of White's station wagon was almost to the middle of Blue Parkway when the accident occurred. The plaintiff saw the other vehicle just before it hit and it was going west at that time. Plaintiff remembered nothing further after hitting her head on the back of the seat until she woke up on the ground. At the time of the accident, the plaintiff was 13 years old.

Blue Parkway is an east and west street and Elmwood runs north and south. At the time there was a stop sign for southbound traffic on Elmwood. There were no stop signs or traffic controls for traffic on Blue Parkway. Elmwood does not continue south at that intersection and a person going south on Elmwood has to turn either east or west. To the east on Blue Parkway from Elmwood, there is a slight incline up to a bridge which is four or five hundred feet from the scene. At the northeast corner of this intersection, there is a one-story brick building which sits back from the curb line about 25 or 30 feet.

Fred Guenther, a member of the Kansas City Police Department, did not witness the accident, but investigated it before the cars were removed. In his investigation he found a 1957 Pontiac, which had been op-

erated by Mr. Moody Haynes westbound on Blue Parkway, had been involved in an accident with a 1958 Rambler station wagon being operated by Mr. Robert White proceeding south to east from Elmwood to Blue Parkway. Officer Guenther found extensive damage to the front end of the 1957 Pontiac operated by Haynes and extensive damage to the left side of the 1958 Rambler station wagon operated by White. He stated he located debris and also a break in the skidmarks from the Haynes vehicle which he found to be 20 feet west of the east curb line of Elmwood and 15 feet south of the north curb line of Blue Parkway. He was unable to observe any skidmarks on the 1958 Rambler station wagon operated by White. He measured the streets and found Blue Parkway to be 45 feet wide and Elmwood 40 feet. He talked to Haynes but did not talk to White who was being removed in an ambulance when he arrived.

Service on Haynes was never obtained and plaintiff dismissed as to him without prejudice. The case was submitted on failure to keep a careful and vigilant lookout. The Court of Appeals ruled: "We have reached the conclusion, as did the trial court, that plaintiff did not make a submissible case. There is no evidence that defendant either did or did not look in the direction of the Haynes vehicle before the collision. The only evidence on defendant's acts is that he was driving the station wagon; that he stopped for the stop sign, and that he started forward, turning to go east on Blue Parkway," citing Miller v. Wilson, Mo.App., 288 S.W. 997, 999; Levin v. Caldwell, Mo. Sup., 285 S.W.2d 655, 659; see also O'Neill v. Claypool, Mo.Sup., 341 S.W.2d 129, 135. However, the Court of Appeals reversed and remanded the case for a new trial on the theory that plaintiff could have evidence to support her claim of failure to keep a lookout at another trial.

The Court cited as authority for its action Buchanan v. Cabiness, 240 Mo. App. 829, 221 S.W.2d 849, 856, and Turner v. Anderson, 236 Mo. 523, 543, 139 S.W.

180, 185; also saying: "Both the statute, Sec. 512.160 V.A.M.S. and Supreme Court Rule 83.13 give us this power." However, the second subdivision of both this statute and this rule provides: "No appellate court shall reverse any judgment, unless it believes that error was committed by the trial court against the appellant, and materially affecting the merits of the action." Furthermore, the authority to award a new trial given by the third subdivision of both the rule and the statute is specifically made subject to the above provision. Buchanan v. Cabiness, supra, was not a case in which the trial court had properly rendered judgment for the defendant, without any error committed against the plaintiff, as here. Instead it was a case where a judgment was rendered erroneously for the plaintiff therein and had to be reversed. In that situation, the judgment of the trial court could not be affirmed and when a judgment must be reversed, because of the error, the appellate court has discretion to remand where the record indicates that by doing so the ends of justice will be subserved. See the many cases cited in West's Missouri Digest, Appeal and Error, The rule applicable to the situation herein presented (judgment for defendant without error) was thus stated by the Kansas City Court of Appeals in Power v. Benson Banking Co., 99 S.W. 2d 109, 110: "The plaintiff suggests that the judgment should be reversed and the cause remanded so that upon 'a retrial of the case' proof may be made showing that the claim was duly presented to the commissioner. In the absence of error inhering in the record, this court does not have power to reverse the judgment. Error does not appear in the record. The judgment is affirmed." Likewise, if a plaintiff obtained a judgment without error, the defendant could not have it reversed and remanded on the theory that he might make a better defense on retrial.

The other case cited by the Court of Appeals, Turner v. Anderson, supra, was a will contest in which the trial court committed error by instructing the jury that there was no evidence of mental incapacity of the

testator but submitted the case on undue influence; and contestants had a verdict and judgment setting the will aside on that ground. This court held the evidence insufficient to entitle contestant to go to the jury on undue influence but that the trial court erred in its ruling that contestant failed to make a case for the jury on testamentary incapacity. Therefore, the judgment had to be reversed and the court properly remanded for a new trial on the issue the evidence did support. This is not authority for remand of a case in which no error was committed against the losing party.

The judgment of the trial court herein is affirmed.

All concur.

WOLFE, Special Judge, concurs.