**Dianne SURFACE, by and through Georgia Surface, next friend, Plaintiff-Appellant,**

**v.**

**RANGER INSURANCE COMPANY, a corporation, Defendant-Respondent.**

No. 9598.

Missouri Court of Appeals,
Springfield District.

July 7, 1975.

Rehearing Denied Aug. 4, 1975.

Joe C. Welborn, James E. Spain, Briney, Welborn & Spain, Bloomfield, for plaintiff-appellant.

J. Lee Purcell, Hyde, Purcell, Wilhoit & Edmundson, Poplar Bluff, for defendant-respondent.

HOGAN, Judge.

In this action, plaintiff seeks construction of the "uninsured motorist" provisions of an automobile liability policy issued by defendant Ranger Insurance Company. The appeal is here upon an agreed statement of facts in lieu of a transcript, as provided by Rule 81.13, V.A.M.R., and therefore the only question before us is whether or not the trial court drew the proper legal conclusion from the facts stipulated. *State ex rel. Ciba Pharmaceutical Products, Inc. v. State Tax Commission*, 382 S.W.2d 645, 651[1] (Mo. banc 1964); *Browning v. City of Poplar Bluff*, 370 S.W.2d 179, 182[3] (Mo.App.1963).

Plaintiff is a minor; this action was brought by her mother as next friend pursuant to Rule 52.02. Plaintiff's father purchased an automobile liability policy from the defendant. Plaintiff was not a named insured on the schedule of the policy. The policy contained a section entitled "Family

Protection Against Uninsured Motorists." The insuring agreements under this section, as material here, read:

"1. Coverage F—Damage for Bodily Injury Caused by Uninsured Automobiles: To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile . . . .

\* \* \* \* \* \*

"II. Definitions:

(a) Insured. The unqualified word 'insured' means:

(1) The named insured as stated in the policy and any person designated as named insured in the schedule and, if the named insured is an individual, his spouse if a resident of the same household; provided, if the named insured as stated in the policy is other than an individual or husband and wife who are residents of the same household, the named insured for the purposes of this endorsement shall be only a person so designated in the schedule;

(2) any person while using the automobile, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either.

The insurance applies separately with respect to each named insured . . . and residents of the same household, but neither this provision nor application of the insurance to more than one insured shall operate to increase the limits of the company's liability."

On March 26, 1972, and while this policy was in force plaintiff was riding as a passenger in a 1965 Ford operated by one Paul Adams. The Ford was involved in a one-car accident; it is admittedly not the vehicle insured under the policy sued on. The plaintiff was a resident of her father's household at the time of the accident. The Ford was an uninsured vehicle at the time plaintiff sustained her injuries.

Plaintiff filed suit in the Circuit Court of Stoddard County, alleging that she was an insured under Coverage "F" of the defendant's policy because she was a resident of the same household as William G. Surface, the named insured. Defendant denied coverage under the provisions of Coverage "F" on the ground that plaintiff was not designated as a named insured in the schedule of the policy and was not the spouse of William G. Surface.

Plaintiff had a verdict and judgment against the defendant in the amount of $10,000. Defendant filed an after-trial motion to set aside the verdict and judgment and enter judgment for the defendant on the sole ground that Coverage "F" insures only William G. Surface or his spouse if a resident of the same household. The trial court granted the motion. It is stipulated here that the only issue presented is whether or not plaintiff is an insured under Coverage "F" of defendant's policy.

The appellant relies on the familiar principle that whenever the language of an insurance policy is reasonably susceptible of different interpretations, the construction favoring the insured must be adopted. *White v. Smith,* 440 S.W.2d 497, 511[20] (Mo.App.1969); *Sterns v. M.F.A. Mut. Ins. Co.,* 401 S.W.2d 510, 514[2] (Mo.App.1966). Specifically, the appellant contends for a conflict in two clauses or provisions which she inferentially assumes and argues define the word "insured" for the purposes of uninsured motorist coverage.

Our attention is first called to that part of section II(a)(1) of Coverage "F", which reads:

"(a) Insured. The unqualified word 'insured' means:

(1) The named insured as stated in the policy and any person designated as

named insured in the schedule and, if the named insured is an individual, his spouse if a resident of the same household;"

Appellant then directs us to the paragraph which is set apart from but immediately follows the "definitions". It reads as follows (appellant's emphasis):

"*The insurance applies separately with respect to each named insured under this endorsement and residents of the same household,* but neither this provision nor the application of the insurance to more than one insured shall operate to increase the limits of the company's liability."

Counsel for the appellant forthrightly admit they have been unable to find a reported case from any jurisdiction construing the particular language just quoted, but in their brief contend that the paragraph beginning "[t]he insurance applies separately" is part of the "definitions" section, and in effect expands part II(a)(1) to extend coverage to all members of the named insured's household. The fact that the clause beginning "[t]he insurance applies separately" immediately follows the "definitions" lends superficial plausibility to the appellant's argument, but we do not agree with her construction of the contract.

The rule that insurance contracts will be construed most strongly against the insurer rests in considerable part upon the notion that such contracts are "contracts of adhesion", *i. e.,* standardized contracts imposed upon the insured without his having the benefit of any significant negotiation and bargaining.[1] In our opinion, it follows as a corollary premise that each part of an insurance contract should serve a particular purpose; at least our courts have held that every clause in an insurance policy must be given some meaning if it is reasonably possible to do so, and that conflicting provisions in insurance policies should be reconciled if it is possible to do so consistently with the intention of the parties as ascertained from the terms used. *Central Surety & Ins. Corp. v. New Amsterdam Cas. Co.,* 359 Mo. 430, 435, 438, 222 S.W.2d 76, 78[1], 80[6] (banc 1949); *Soukop v. Employers' Liability Assur. Corp.,* 341 Mo. 614, 627–628, 108 S.W.2d 86, 92[8–12], 112 A.L.R. 149, 156 (banc 1937); *Brugioni v. Maryland Cas. Co.,* 382 S.W.2d 707, 712[5, 6] (Mo. 1964).

The provisions set out as "definitions" obviously constitute an "omnibus clause". The purpose of such an insuring agreement is to define the classes of persons who are eligible to receive the protection of the policy, and to limit the availability of the insurance to such classes of persons. 1 Long, Law of Liability Insurance, § 3.01 (1975). When sections II(a)(1) and (2) are read together as they appear in the background statement, it becomes apparent that Coverage "F" is meant to insure (a) the named insured and his spouse, if a resident of the same household; (b) any person designated as a named insured in the schedule, and (c) any permittee of the named insured or his spouse.

The paragraph which follows, beginning "[t]he insurance applies separately", is what is commonly called a "severability" clause, technically a condition, and is inserted to express the insurer's intent that no matter how many persons may be insured under the omnibus clause (or in the declarations), the limits of liability stated in the declarations shall not be greater than the amount for which the insurer would have been liable if only one person were insured. 1 Long, Law of Liability Insurance, § 2.10. It is thus obvious, contrary to appellant's position, that the purpose of the clause beginning "[t]he insurance applies separately" is not to state or define who is insured, but to limit the carrier's liability. The two clauses have different purposes. The question then becomes: do the general words

---

1. See *Steven v. Fidelity & Cas. Co. of New York,* 58 Cal.2d 862, 27 Cal.Rptr. 172, 377 P.2d 284, 296–297 and nn. 10, 11 (banc 1963); Patterson, The Interpretation and Construction of Contracts, 64 Colum.L.Rev. 833, 855–859 (1964).

"each named insured . . . and residents of the same household" enlarge and in effect nullify the more specific provisions of the omnibus clause? We think not.

■ Generally, in the construction of contracts, it is held that if the apparent inconsistency is between a clause that is general and broadly inclusive in character and one that is more limited and specific in its coverage, the latter should be held to operate as a modification and *pro tanto* nullification of the former. 3 Corbin, Contracts § 547, p. 176 (1960). This rule has been extended to contracts of insurance, *e. g., Mutual Life Ins. Co. of N. Y. v. Hill,* 193 U.S. 551, 557–558, 24 S.Ct. 538, 48 L.Ed. 788, 793 (1904); *Miller Bros. Const. Co. v. Maryland Casualty Co.,* 113 Conn. 504, 155 A. 709, 712–713[7][9] (1931). In our opinion, that principle applies here, and the words "residents of the same household" appearing in the severability clause must be held to be limited and restricted by the specific provisions of the omnibus clause.

■ That such a construction is reasonable and effective to accomplish the purpose of the parties becomes apparent when the general scheme of the policy is considered. It is the obvious intention of the parties to the contract to comply with the statutory requirement that the policy provide uninsured motorist coverage ". . . in not less than the limits for bodily injury or death set forth in section 303.030, RSMo, for the protection of persons insured [under the liability policy] . . .." § 379.203, para. 1, RSMo Supp.1973, V.A.M.S. The liability policy itself provides coverage in the amounts specified in § 303.030, para. 5, RSMo 1969, V.A.M.S., and the omnibus clause applicable to the bodily injury and property damage coverage defines the word "insured" so as to include the named insured, his spouse if a resident of the same household, and their permittees. Coverage "F", considered as a whole, extends uninsured motorist protection to those insured under the liability policy in the manner contemplated by § 379.203, para. 1. We

cannot make or rewrite insurance policies, even though it may appear that in some respects they operate harshly or inequitably as to one of the parties. *Packard Mfg. Co. v. Indiana Lumbermens Mut. Ins. Co.,* 356 Mo. 687, 692, 203 S.W.2d 415, 416 (banc 1947). Given the limited object and intent of parties as disclosed by the whole contract, it cannot reasonably be said that Coverage "F" was meant to afford the protection for which the plaintiff contends.

Upon the facts stipulated, the trial court drew the proper legal conclusion, and the judgment is therefore affirmed.

BILLINGS, C. J., and STONE and TITUS, JJ., concur.

FLANIGAN, J., not participating.

*On Motion for Rehearing*

In her motion for rehearing, which is in substance a motion to modify our mandate, the plaintiff urges the court to remand the cause, representing that she can make a submissible case against the defendant upon another and different theory. In support of her motion plaintiff has cited us to *Haferkamp v. City of Rock Hill,* 316 S.W.2d 620, 628[7] (Mo.1958); *Skaggs v. City of Cape Girardeau,* 472 S.W.2d 870, 875[4] (Mo. App.1971), and other cases in which an appellate court has applied the rule that a cause should not be reversed for failure of proof without remand unless the record indicates that available essential evidence has been fully presented and no recovery could be had in any event, or unless the failure of proof appears to be the result of deliberate legal strategy. See, generally, *Grissom v. Handley,* 410 S.W.2d 681, 690–691[14][15, 16][17][18] (Mo.App.1966). Defendant responds by quoting Rule 83.16, and by citing us to *Ackerman v. Globe-Democrat Publishing Co.,* 368 S.W.2d 469, 480[12] (Mo.1963), which states the familiar principle that new propositions and complaints may not be presented for the first time on motion for rehearing.

The appeal was presented in this court upon stipulated facts in lieu of a transcript, and the record is so sparse that we cannot ascertain the merit of plaintiff's contention that she could recover on another theory, but in any event we cannot grant the relief sought. When the judgment of the trial court cannot be affirmed because of prejudicial error committed against the appellant by the trial court and must be reversed, the appellate court has discretion to remand when the record indicates that a remand will serve the ends of justice. If, on the other hand, the respondent has obtained a judgment without error, we have no power to reverse and remand in order to allow the appellant to pursue a different theory, whether it be a theory of recovery or of defense. *Owings v. White,* 391 S.W.2d 195, 197[1–3] (Mo. banc 1965). The motion to modify the mandate, taken as a motion for rehearing, is therefore denied.

All concur.