**STATE of Missouri, Respondent,**

v.

**Marvin HAWTHORNE, Appellant.**

No. 35891.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 28, 1976.

John D. Connaghan, St. Louis, for appellant.

Brendan Ryan, Circuit Atty., Thomas W. Shannon, Pros. Atty., Edw. Hupert, Asst. Pros. Atty., St. Louis, for respondent.

CLEMENS, Judge.

Defendant Marvin Hawthorne has appealed a judgment of the Court of Criminal Correction finding him guilty of operating a motor vehicle under a suspended driver's license and assessing $100 fine.

This appeal has come to us on an agreed statement of facts in lieu of a transcript, as provided by Rule 81.13, V.A.M.R. We have been given an exhibit introduced at the trial court and the appellant's brief. "On appeal from a judgment on an agreed statement of facts, or where the facts are not in dispute, the only question is whether the judgment is the proper legal conclusion."

*State ex rel. Ciba v. State Tax Comm.,* 382 S.W.2d 645 (Mo.1964); *Surface v. Ranger Insurance Co.,* 526 S.W.2d 44 (Mo.App.1975).

The stipulated facts: Approximately 9:30 P.M. on July 10, 1973 police observed defendant driving away from the establishment at 3223 Morganford Road. He was arrested for operating a motor vehicle while his driver's license was suspended. Defendant explained to the officer that he was pursuing his employment as a musician, at that address, where he had been working from 5:30 to 9:30 P.M., and was on his way home. He produced a copy of an order of the magistrate court of Franklin County granting him limited privilege of operating his motor vehicle in connection with employment. There was no further evidence.

We are presented only with a question of law. *Ciba, supra,* l. c. 651. We must affirm the judgment of the trial court "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron,* 536 S.W.2d 30 (Mo.1976). Section 302.309.3(2), RSMo.1969, provides that when, as here, limited driving privileges have been granted "while so operating a motor vehicle within the restrictions and limitations of the court order the driver shall not be guilty of operating a motor vehicle without a valid driver's license."

We find the evidence insufficient to support defendant's conviction.

Judgment reversed.

WEIER, P. J., and DOWD, J., concur.