In re the MARRIAGE OF Richard L. and Jacqulyn BUCHMILLER.

Richard L. BUCHMILLER,
Petitioner-Appellant,

v.

Jacqulyn BUCHMILLER,
Respondent-Appellant.

Nos. 38715, 38730.

Missouri Court of Appeals,
St. Louis District,
Division Three.

April 4, 1978.
Motion for Rehearing and/or Transfer
Denied May 9, 1978.

London, Greenberg & Fleming, Lawrence J. Fleming, St. Louis, for petitioner-appellant.

Lloyd A. Palans, Ilona S. Leavitt, Kramer, Chused, Shostak & Kohn, St. Louis, for appellant-respondent.

KELLY, Judge.

These two appeals from a judgment of the Circuit Court of the County of St. Louis sustaining in part and overruling in part respondent-appellant, Jacqulyn Buchmiller's motion to compel compliance with a stipulated settlement agreement which had been incorporated into a decree dissolving the marriage of the parties, have, on appeal, been consolidated. For reasons hereinafter stated, we affirm.

The controversy here presented involves the interpretation of paragraph five of the stipulation and its provisions with reference to the rights and obligations of the parties with respect to their marital domicile. Paragraph five of said stipulation reads as follows:

> The parties have agreed that the wife shall live in the family home at 7630 Carswold, Clayton, Missouri, until the minor child, Jane Beth Buchmiller, reaches

her majority or is emancipated, whichever occurs sooner, at which time the house shall be sold and the profits divided equally. Husband agrees to give wife first option to purchase the property at market value less one-half the amount what a relator would charge for his services, were the property sold to a third party. If said option is exercised, the purchase price is to be paid to husband in a lump sum. Until the aforementioned minor child reaches her majority or is emancipated, whichever occurs sooner, the wife shall bear all of those expenses for the mortgage, taxes and insurance, maintenance and repair of the defects of the property which arise after the date of the filing of this stipulation. The wife shall not be responsible for those repairs to the property which are needed to correct defects that exist on the date of the filing of this stipulation, but shall only be responsible for those repairs that shall be needed to correct defects that arise after the date of the filing of this stipulation.

At this point in the stipulation a method for determining the defects existing on the date of the filing of said stipulation was set out but was lined out in ink and a handwritten insertion entered on the margin of the page of the stipulation which reads as follows:

"Husband can inspect the property once each year upon giving 2 week notice to respondent. Respondent may call upon petitioner to assist in the maintenance and repairs of said property."

By the next typewritten sentence Mrs. Buchmiller agreed to pay all 1974 personal and real estate taxes; however, this too is lined out in ink and immediately thereafter the following provision, in handwriting, appears:

"The parties agree to equally contribute the cost of the real estate tax commencing in year 1974."

Respondent Jacqulyn Buchmiller's [1] motion to compel sought equal contribution from Petitioner Richard L. Buchmiller for

the real estate taxes for the year 1975 in the amount of $212.26 and specific performance by the Petitioner of his duties, as she understood them to be under the terms of the stipulation, to correct those defects in the family domicile allegedly in existence as of April 7, 1975, the date on which the stipulation was filed. Respondent listed nine specific defects in her motion which she prayed Petitioner should be required to correct.

Petitioner filed a response and countermotion. Insofar as said pleading is relevant to the issues on appeal, Petitioner denied any responsibility for the taxes and the repairs, and that Respondent was entitled to the relief sought.

Rather than present the oral testimony of the parties, a stipulation of what their testimony would be, had a hearing been held, was filed with the trial court and certain exhibits were offered into evidence subject to pertinent objections noted in said stipulation, and copies of same were attached to said stipulation.

According to the stipulation aforesaid Respondent understood that under the stipulation filed in and incorporated into the decree of the Circuit Court dissolving the marriage of the parties both parties were to share the costs of the real estate taxes commencing in 1974 and continuing each year thereafter until such time as the home was sold. With respect to the duty to repair defects in the home, she had compiled a list of items in need of repair at the time of the filing of the stipulated settlement and these she understood the Petitioner was responsible for repairing.

Petitioner, on the other hand, understood that the stipulation settling their marital rights in the real estate obligated him to contribute only to the real estate taxes for the year 1974 and did not obligate him to repair any defects in the home.

The trial court sustained Respondent's motion to compel the Petitioner to make the repairs specified in the stipulation of

---

1. The parties shall hereinafter be referred to as Respondent and Petitioner, the respective positions they occupied in the dissolution proceedings.

facts submitted on the motion but denied Respondent's motion to compel Petitioner to contribute equally to the real estate taxes for 1975 and also denied her motion to assess attorney's fees in her behalf for services rendered by her attorney in the handling of her motion to compel.

Respondent has appealed the trial court's judgment that Petitioner was not required to contribute to the real estate taxes for 1975 and the denial of her motion for attorney's fees. Petitioner appealed from the judgment of the trial court granting specific performance of that portion of the decree requiring that he pay for the making of the repairs to the home sought by Respondent in her motion.

█ Our scope of review in this court tried action is subject to the provisions of Rule 73.01.3(a) V.A.M.R. and the construction of that Rule in *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976), i.e. the decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. The Supreme Court in *Murphy v. Carron*, supra, also admonishes the appellate courts of Missouri that we should exercise the power to set aside a decree or judgment on the ground that it is "against the weight of the evidence with caution and with a firm belief that the decree or judgment is wrong."

█ We shall initially dispose of Respondent's contentions. Her first argument is that the trial court's decision is against the weight of the evidence and ignored the rule of construction that a handwritten clause will prevail over a typewritten clause in a contract. She further contends that the handwritten clause—"the parties agree to equally contribute the cost of the real estate tax commencing in the year 1974"— is clear and unambiguous and the trial court erred in making a finding contrary to the common meaning of the terms and in considering Petitioner's understanding of the provision because evidence of his understanding was extrinsic to the terms of the agreement.

The rule that a handwritten clause takes precedence over a typewritten clause applies only where there exists an irreconcilable conflict between the handwritten and the typewritten clauses. *Belt Seed Co. v. Mitchelhill Seed Co.*, 236 Mo.App. 142, 153 S.W.2d 106, 110[5] (1941). Furthermore, whenever possible, the law favors the reconciliation of clauses within a contract which appear contradictory. *Belt Seed Co. v. Mitchelhill Seed Co.*, supra. We are of the opinion that the handwritten clause can be reconciled with the typewritten clause placing the responsibility for payment of all expenses for mortgage, taxes and insurance on the Respondent by holding that the handwritten clause modifies the Respondent's duties with respect to the payment of real estate taxes so that she is required under the terms of the stipulation, as amended, to pay taxes on the real estate from 1975 forward, and that Petitioner is not liable for any contribution towards payment of same. In so holding, the rule stated in *Surface v. Ranger Insurance Company*, 526 S.W.2d 44, 48[4] (Mo.App.1925), that where one clause is general and inclusive in nature and one is more limited and specific, the latter operates "as a modification and pro tanto nullification of the former," is observed.

█ Respondent contends that this clause is unambiguous; we disagree. "Ambiguity" has been defined as "duplicity, indistinctness or uncertainty of meaning of an expression used in a written instrument." *Tenney v. American Life and Accident Insurance Company*, 338 S.W.2d 370, 371 (Mo.App.1960). Despite Respondent's contention that the meaning of the word "commencing" as used in the clause is clear, it is subject to more than one interpretation. As used in the context of the clause it could refer to the act of contributing equally to the real estate tax for the year 1974 or to the act of contributing to the real estate taxes for each year, commencing with the year 1974, and for each year thereafter. Where an ambiguity exists and the mean-

ing is in dispute, the contract is to be given a construction which will reflect the real intention of the parties, and, in doing so, the court may consider the circumstances surrounding the execution of the contract and the interpretation given to the contract by the parties thereto. *Celatron, Inc. v. Cavic Engineering Company,* 432 S.W.2d 794, 798[2] (Mo.App.1968).

 As a final consideration, we glean from the record that the stipulation was prepared by Respondent's attorney, and where other rules of statutory construction fail, ambiguities appearing in a contract must be construed strongly against the party whose counsel prepared the contract or agreement. *Katz Drug Co. v. Kansas City Power & Light Co.,* 303 S.W.2d 672, 680[6] (Mo.App.1957); *Hamilton Fire Ins. Co. v. Cervantes,* 278 S.W.2d 20, 24[3] (Mo.App. 1955). This latter rule of construction, we believe, is applicable to the stipulation filed by the parties in their dissolution of marriage action and the judgment of the trial court in this action to compel compliance therewith does not suffer from the infirmities enumerated in Rule 73.01.3(a) V.A.M.R. as grounds for a reviewing court to upset the judgment in a court tried case.

We rule this Point against Respondent.

With respect to Respondent's contention that the trial court erred in its refusal to assess attorney's fees against the Petitioner we find no error which would authorize us to reverse and remand the judgment on those grounds. Section 452.-355 RSMo.Supp.1974 permits the trial court in its discretion to order a party to pay attorney's fees in dissolution cases after considering all relevant factors including financial resources. Respondent, at this hearing, presented no evidence to establish her need to have the expenses of this litigation borne by Petitioner. There must be some evidence presented on this point in order to authorize the trial court to order payment of the Respondent's attorney's fees. *Ortmann v. Ortmann,* 547 S.W.2d 226, 231[8] (Mo.App.1977).

We likewise rule this contention against Respondent.

Petitioner's assignment of error "The circuit court erred in sustaining that portion of respondent's motion requiring petitioner to make repairs to the family residence to remedy those defects existing on the date of the filing of the stipulation."—is not in compliance with Rule 84.04(d) V.A. M.R. and therefore preserves nothing for this court to review. It utterly fails to state in the Points Relied On "wherein and why" the actions or rulings of the trial court sought to be reviewed are claimed to be erroneous. *State Highway Commission v. Heim,* 483 S.W.2d 410, 415[17] (Mo.App. 1972). Therefore, this court owes him no duty to search the Argument portion of his brief to ascertain those reasons. *Griffith v. State,* 504 S.W.2d 324, 327[3] (Mo.App.1974).

Affirmed.

GUNN, P. J., and WEIER, J., concur.