**CENTURY 21–ANDREWS REALTY, INC., Respondent,**

v.

**Kenneth ADAMS and Beverly Adams, Appellants.**

**No. WD 36036.**

Missouri Court of Appeals, Western District.

May 21, 1985.

James W. Gallaher, Jefferson City, for appellants; Bushmann, Neff, Gallaher & Brown, Jefferson City, of counsel.

Michael P. Riley, Jefferson City, for respondent; Carson, Monaco, Coil, Riley and McMillin, Jefferson City, of counsel.

Before PRITCHARD, P.J., and SHANGLER and DIXON, JJ.

PRITCHARD, Presiding Judge.

Plaintiff sued defendants for sales commission on a listing agreement for sale of defendant's real estate. The issue is whether there was one contract only with the Garretts who were offerors whose first offer was rejected by defendants, or whether the listing agreement was extended for six months during which time the Garretts effectuated a trade for the same property. The trial court entered judgment for plaintiff in the amount of $5,400.00, plus $713.86 interest at 9% from January 11, 1983.

Carl W. Garrett had seen a for sale ad of the subject property in the newspaper. His wife, Janet K., was then a real estate sales person for plaintiff and was tied up in its office, so Carl first went out to look at the property by himself. Later both Garretts went out to look at the property, and being interested, talked to Mr. Adams about purchasing it. Janet explained to him that in order for her to buy the property, she would have to process a listing agreement through her office. He was not interested in working with a real estate agent and was unwilling to process the sale through plaintiff's office. Janet suggested that the standard contract (listing) could be altered with a handwritten notation that the listing would be "for buyers Carl W. and Janet K. Garrett only, for one contract only." Mr. Adams then agreed to execute the listing agreement, which was prepared by Janet, and had written as an alteration at its top the words above suggested by her. The listing agreement provided that plaintiff was the broker, the listing price being $140,600, with a 4% broker's commission. Paragraph 2 provided: "The broker shall be entitled to the commission * * * if: c. Within six months of the expiration date of this Agreement the property is sold to anyone to whom the property was shown by the broker or an authorized * * * broker or

their salespeople." The listing had a date of September, 1982, and an expiration date of March, 1983, which was stricken and so initialed by Mr. Adams. Janet testified that Mr. Adams was not pleased that she filled in the blanks, "and I explained to him that it was a part of the form that was considered a pre-printed portion of the body of the contract. It had to be filled in in order for it to be a legal contract, *but that anything that was written on there would supersede what was printed in there.*" [Emphasis added.] Next to the stricken-out duration of the listing, Janet wrote "shows one contract only."

In a contract for the purchase of real estate form dated September 13, 1982, the Garretts offered to buy defendants' property for $135,000, which offer was not accepted by defendants. Then in January, 1983(?), defendants agreed to and did *trade* the subject property to the Garretts for other property. Plaintiff claimed a 4% commission on that trade in which, apparently, defendants' property was valued at $135,000. The claim brought into focus the conflict between the handwritten modification of the printed listing document, and its paragraph 2.c., and also the stricken provision (by Mr. Adams) of the six month duration of the listing agreement, which are the dispositive issues on this appeal. To be added to the facts is the testimony of Janet [she is a salesperson (agent) for plaintiff and also a copurchaser of or trader for defendants' property]: "Q. Did you make a statement to Mr. Adams as to when that contract, listing agreement, came to an end, after this agreement was submitted and refused? A. Yes. It was my responsibility as an agent to notify both parties what the status of the contract was and when it was considered dead and given to my broker, entered into, filed. As far as I am concerned, it was dead, and it was my responsibility to notify both the buyer and the seller that the contract was dead."

■ Clearly there is a contradiction, or at least an inconsistency, between the written addendum "for buyers Carl W. and Janet K. Garrett only, for one contract only" and the printed paragraph 2.c. of the listing agreement. There is further conflict with the six month extension provision of paragraph 2.c. and the stricken duration of six months of the listing instrument which was deleted and initialed by Mr. Adams. The Garretts presented their *one* contract of purchase proposal, which was rejected. Mrs. Garrett then considered that the listing agreement was at an end. The second "trade" contract was on entirely different terms. The rule is well established that where the printed portions of a contract conflict with handwritten provisions or interlineations, the latter prevail. *Belt Seed Co. v. Mitchelhill Seed Co.*, 236 Mo.App. 142, 153 S.W.2d 106, 110 (1941); *Green v. Cooke Sales and Service*, 284 S.W.2d 880, 885 (Mo.App.1955) [a case where, although referring to the rule, it was not applied because the contract did not disclose any conflict or contradiction between two warranty clauses]; *National Heater Co., Inc. v. Corrigan Co. Mech. Con., Inc.*, 482 F.2d 87 (CA 8th 1973); *Miravalle Supply Co. v. El Campo Rice Milling Co.*, 181 F.2d 679 (CA 8th 1950); and generally see 17A C.J.S. Contracts, § 310, p. 168; and 17 Am.Jur.2d Contracts, § 271, p. 679. Considering the whole of the evidence and the written and deleted portions of the listing agreement, it is clear that buyers and sellers did not intend or consider that it would extend beyond a one time contract offer by buyers, and the court therefore erred in awarding plaintiff a commission for the second "trade" contract under the one-time listing agreement.

The judgment is reversed.

All concur.