**In re Michael Dean MAGERS, Debtor.**

**Bankruptcy No. 87–03346–S–2–13.**

United States Bankruptcy Court,
W.D. Missouri, S.D.

Feb. 29, 1988.

James R. Doran, Springfield, Mo., for debtor.

Jeff Love, Greene & Curtis, Springfield, Mo., for Landmark Bank.

Rick Fink, Kansas City, Mo., trustee.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

Debtor filed his petition under Chapter 13 on August 3, 1987. Landmark Bank of Springfield filed its original claim on August 27, 1987, showing $9,771.59 as unsecured and a value of security as $21,604.27 or else a secured claim of $21,604.27 or else a total claim of $21,604.27. Frankly, the Court cannot tell from the claim form what Landmark Bank is claiming. On October 8, 1987, Landmark Bank obtained permission to and did, file an amended claim in three parts. The first claimed $5,586.00 as secured; the second claimed $4,424.91 as secured; the third claimed $3,551.57 as secured. The Court presumes from this that Landmark Bank claims total $13,562.48 and that there is no unsecured portion. The Court will act upon that presumption.

Debtor objected to the allowance of the claim for $5,586.00 as secured. It is debtor's contention that said claim is unsecured. Hearing was last set on December 2, 1987. Debtor filed written suggestions on December 3, 1987. Landmark Bank has not filed suggestions. The controversy arises from interpretation of two different documents. The first document is a promissory note dated April 14, 1986. That note was the property of Landmark Bank, filled out by the Bank, and signed by the debtor.

The pertinent portion is found in the section of the note which bears the legend "Collateral". Under that heading the following words appear: "This note is secured by the following collateral:". After those words, on the top of four lines provided to list the collateral, is typed the word: "Unsecured". The note was renewed October 11, 1986, but the renewal form says that all terms and conditions not modified by the renewal document remain the same. There was nothing said about collateral or security.

The Bank, however, relies on a promissory note and deed of trust dated April 3, 1987. On page one of the deed of trust (the front or first page) the following paragraph is found:

"To Secure to Lender (a) the repayment of the indebtedness evidenced by Borrower's note of even date herewith (herein "Note"), a copy of which Note is attached hereto.

and the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust, and the performance of the covenants and agreements of Borrower herein contained; and (b) the repayment of any future advances, with interest thereon, made to Borrower by Lender pursuant to paragraph 21 hereof (herein "Future Advances"), and the payment of Other Indebtedness, with interest thereon, owed to the Lender (herein the "Other Indebtedness").

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, that the Property is unencumbered, and that Borrower will warrant and defend generally the title to the Property against all claims and demands, except as follows: Subject to prior lien in favor of Centerre Bank of Springfield dated September 20, 1985, in the original principal amount of $54,000.00 filed for record at the Office of the Recorder of Deeds for Greene Coun-

ty on September 26, 1985 in Book 1892 at Page 366".

Section 21 of the deed of trust defines "Other Indebtedness" and reads as follows:

"21. **Future Advances and Other Indebtedness.** In addition to the Note, this deed of trust secures Future Advances and Other Indebtedness.

"Future Advances" means any advances made in the future by the Lender to the Borrower, or any of them, or any future obligations of the Borrower to the Lender up to a total amount of $1,000,000.00 plus interest, made at any time prior to ten (10) years from the date of this deed of trust.

"Other Indebtedness" as used herein means any and all debts of the Borrower, or any of them, owed to the Lender, whether or not incurred or existing before or after the date of this deed of trust, whether or not the debts have any functional relationship to this deed of trust, whether or not referred to in this deed of trust, whether or not arising by way of assignment to the Lender, or whether or not incurred after the Borrower has conveyed the property.

By including this provision, the parties have elected to be governed by RSMo. 443,055".

Based on this, the Landmark Bank argues that it picks up security for the otherwise unsecured claim. From the facts stated, it is clear that the prior note (if affected) must be included in subparagraph (b) and be what is called "Other Indebtedness".

Thus the lines of battle are clearly drawn. Debtors are seeking to rely on the specifically agreed unsecured character of the original note while Landmark Bank is seeking to rely on the all encompassing language of the deed of trust. Rules of construction tell us that where there is a conflict between printed and typewritten terminology in a document, the typewritten terms control. R.S.Mo. § 400.3–118(b).[1] Does the same apply to two different documents? *Shaughnessy v. Mark Twain State Bank*, 715 S.W.2d 944, 951 (Mo.App. 1986).[2]

Another rule of construction may be applicable. If different portions of a document create an ambiguity, then the ambiguity is to be construed to the detriment of the party preparing the ambiguous document. *N.B. Harty Gen.Contr. v. West Plains Bridge*, 598 S.W.2d 194, 197 (Mo. App.1980).[3]

However, rules of construction also tell us that if there are differences between documents, it is normally the latter in time that controls. *J.E. Hathman, Inc. v. Sigma Alpha Epsilon Club*, 491 S.W.2d 261 (Mo.1973). And last, but not least, all of the above cited cases found on the overriding principle that the Court shall attempt to find and rule the intent of the parties as found from the documents and admissible evidence.

Proceeding from the short academic refresher which at least assisted the Court in ruling the question, the bottom line is that the Court concludes the debtor prevails and the debt in question is unsecured. Explicitly and in a step by step basis the Court finds: (1) that the last signed document is controlling unless there is a direct conflict; (2) that there is a direct conflict; (3) that the intent of both parties can be discerned

1. Some partial resolution can be found in Mo. R.S. 400.3–118, except that statutory mandate applies only to "every instrument" and Mo.R.S. 400.3–102 tells us that "instrument" means a negotiable instrument. However, a number of cases have followed that general rule in construing all types of documents but always reiterating the principle that the rule is to be applied only where there is an irreconcilable conflict between the two, e.g., *Buchmiller v. Buchmiller*, 566 S.W.2d 256 (Mo.App.1978).

2. *Shaugnessy v. Mark Twain State Bank*, 715 S.W.2d 944 (Mo.App.1986) indicates that it does and is strikingly in point because there too a portion of the conflict revolved around contrary wording in a promissory note and a deed of trust, each bearing a different date.

3. However, clearly this rule is to be applied only when all else fails and there is no way to reconcile the conflict or ambiguity creating provisions. *N.B. Harty General Contractors v. West Plains Bridge*, 598 S.W.2d 194 (Mo.App.1980). This case is also helpful in that it details the necessity for the Court to consider all subsidiary documents in determining if the general rule is applicable. (Id., 1.c. 197).

as to the first signed document; (4) that no commonality of intent can be found in the last signed document; (5) that the conflict between two documents is governed by the usual rules of typewritten terms prevailing over·printed terms; that, therefore, the debt started as unsecured and continued as such until there was a specific (or at least typewritten) provision that changed its character. Based thereon, the Court concludes: (1) that this is a core proceeding; (2) that this Court has jurisdiction; (3) that the debt is not a secured debt as to the original $5,586.00 obligation.

Debtor's Objection to Secured Status is SUSTAINED and the debt shall be treated as unsecured.