Larry M. HAYWARD and Vickie P. Hayward, Plaintiffs–Respondents,

v.

John E. TAYLOR, Defendant–Appellant.

No. 17190.

Missouri Court of Appeals, Southern District, Division One.

April 11, 1991.

Roger W. Owensby, Republic, for plaintiffs-respondents.

Raymond I. Plaster, Springfield, for defendant-appellant.

PREWITT, Judge.

The question here is which of three rules of document interpretation apply, handwritten over printed, specific over general, or construing writings against the drafter.

By summary judgment plaintiffs received $5,000 on their petition and defendant's counterclaim was denied. Defendant appeals, questioning only the award on the petition.[1]

■ Normal appellate review of summary judgment is to view the record in the light most favorable to the party against whom summary judgment was entered. *Abbate v. Tortolano,* 782 S.W.2d 810, 811 (Mo.App.1990). Here, there are no material facts in dispute and none of the parties contend that summary judgment was inappropriate. Each side asserts they were entitled to receive it in their favor.

Plaintiffs entered into an agreement with defendant on January 27, 1988, whereby plaintiffs would purchase a house from defendant. Plaintiffs were to pay $61,000, $3,000 to be paid upon the signing of the contract, $2,000 on August 1, 1988, and the balance at closing on January 27, 1991. Plaintiffs paid $3,000 and took possession of the house. They also paid the $2,000 as required. Plaintiffs were to lease the property until the date of closing and receive credit toward the purchase price of $20 per month from monthly payments to defendant of $550.00. Defendant was to insure the property against casualty loss until closing. The property was substantially damaged by fire, without fault of the parties, on February 21, 1990.

The agreement consisted of several form documents, a "Real Estate Sale Contract", a "Contract Addendum Agreement For Possession Prior To Closing" and a "Special Agreements Addendum". There also was a typed "Lease" of the premises. The form agreements were filled in by handwriting.

The question here arises from two provisions in the contract documents. The "Special Agreements Addendum" stated in handwriting that the $3,000 and $2,000 down payments were "Non Refundable". A printed provision of the "Real Estate Sale Contract" provided "in the event of

---

1. As plaintiffs sought damages exceeding $5,000, appeal was properly to this court without trial de novo. § 512.180, RSMo 1986.

material loss from fire or other casualty prior to closing, Buyer may elect either to accept the insurance proceeds and close, or to avoid this contract and have the deposit made herewith returned". Plaintiffs relied on this provision, decided not to close, and requested their deposits back. When defendant refused to pay them, this action was commenced.

Defendant cites cases stating that where printed provisions of a contract conflict with handwritten provisions, the latter prevail. See *Burst v. R.W. Beal & Co., Inc.,* 771 S.W.2d 87, 89 (Mo.App.1989). As well as this rule, defendant primarily relies upon the result in *Burst* and *Century 21–Andrews Realty, Inc. v. Adams,* 691 S.W.2d 511 (Mo.App.1985).

Plaintiffs counter with the principle that if there is an apparent inconsistency between a general clause in a contract with one that is more limited and specific, the latter is considered a modification of the former. *See Surface v. Ranger Insurance Co.,* 526 S.W.2d 44, 48 (Mo.App.1975).

Plaintiffs also state that defendant prepared the documents in question and they should be construed against him. As construing ambiguous language in a contract against the drafter is more a concept of allocation of blame than an attempt to ascertain intent or meaning, it is used only as a "last resort". *Rouggly v. Whitman,* 592 S.W.2d 516, 523 (Mo.App.1979). See also *In re Marriage of Buchmiller,* 566 S.W.2d 256, 260 (Mo.App.1978) (used "where other rules of statutory construction fail"). We strive then to determine this matter on other principles of construction.

■ The rule that handwriting controls over printing is subject to the principle that effect must be given to all terms of a contract if possible. *Belt Seed Co. v. Mitchelhill Seed Co.,* 236 Mo.App. 142, 153 S.W.2d 106, 110 (1941). "The rule that effect must be given, if possible, to all terms of a contract applies to instruments partly written and partly printed as well as to those wholly written or wholly printed." *Id.*

■ Handwriting takes precedence only where there exists an irreconcilable conflict. *Buchmiller,* 566 S.W.2d at 259. Whenever possible, courts favor the reconciliation of clauses within a contract which appear contradictory. *Id.* The Restatement (Second) of Contracts § 203 states:

Standards of Preference in Interpretation

In the interpretation of a promise or agreement or a term thereof, the following standards of preference are generally applicable:

(a) an interpretation which gives a reasonable, lawful, and effective meaning to all the terms is preferred to an interpretation which leaves a part unreasonable, unlawful, or of no effect;

(b) express terms are given greater weight than course of performance, course of dealing, and usage of trade, course of performance is given greater weight than course of dealing or usage of trade, and course of dealing is given greater weight than usage of trade;

(c) specific terms and exact terms are given greater weight than general language;

(d) separately negotiated or added terms are given greater weight than standardized terms or other terms not separately negotiated.

■ We have to assume that the parties knew the fire loss provision was in the contract documents. Had they wished to remove it, they could have easily done so. Leaving it in indicates it was intended to have some meaning. All parts of the agreement can be given effect by interpreting the documents to mean that generally the deposits would not be refunded. However, in the specific event of casualty loss the buyer could decide to accept the insurance proceeds and close or have the deposits returned and terminate the transaction. This is a reasonable interpretation and one we ascribe to the contract documents.

*Burst* does not call for a different result. There, the handwritten provision providing that the deposit was not refundable was treated as a liquidated damages clause. 771 S.W.2d at 90. The plaintiffs there

breached the agreement, precluding them from recovering their deposit. *Id.* at 91. Here, plaintiffs committed no breach.

*Century 21* turned not just on applying the handwritten provision, but on evidence indicating that the printed portion was not to be followed. The printed portion was also inconsistent with a printed clause stricken by one of the defendants before it was signed. 691 S.W.2d at 512. The intention of the parties was found based upon those circumstances. On the facts here, *Century 21* is not inconsistent with the result.

The judgment is affirmed.

MAUS, P.J., and CROW, J., concur.