Marvin and Patricia MEWS, Plaintiffs/Respondents,

v.

**CHARLIE CHAN PUBLISHING COMPANY, Defendant/Appellant.**

**No. 65371.**

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 27, 1994.

Ethan M. Rush, Christiana Rush, St. Louis, for appellant.

Ted F. Frapolli, Stern, Frapolli, Ahlquist & Kessler, St. Louis, for respondents.

CRANE, Presiding Judge.

Real estate seller appeals summary judgment in favor of buyers on their petition for return of earnest money deposited pursuant to a residential real estate sale contract. We reverse and remand for the reason that buyers waived the financing contingency in the contract and therefore were not relieved of their obligations under the real estate contract when they failed to obtain financing.

The facts on which the motion was based are undisputed. On February 24, 1992, Marvin and Patricia Mews (Buyers) and Charlie Chan Publishing Corp. (Seller) contracted for the purchase of Lot 5 of Old Stone Creek for

$73,000. Pursuant to the contract the Buyers deposited $10,000 earnest money with Laura McCarthy, Inc. (Broker) and agreed to pay $63,000 at closing.

The Residential Sale Contract signed by Buyers and Seller was a preprinted form copyrighted by the St. Louis Association of Realtors. Paragraph 4 "Method of Financing" provided in part:

If Buyer fails to obtain a written commitment for the loan, or to waive this contingency in writing, by 5:00 p.m. on *March 24, 1992*, (or any written extension of the deadline), this contract is null and void. (date inserted by parties)

This paragraph also described the interest rate and amortization term for a loan in the amount of $63,000.

Paragraph 23, "Special Agreements", contained a typewritten clause: "See Exhibit A which forms a part of this contract." Exhibit A was a typewritten agreement which provided in part:

This contract is contingent upon the following items being completed to the sole satisfaction of the Purchaser by March 24, 1992. If written notice isn't received by Seller from Buyers [sic] disapproval on or before March 24, 1992 then the contingencies listed below will be considered waived.

Four contingencies were listed under this clause, number four being: "Financing as set out on the first page of this contract, Paragraph 4." This was followed by another clause listing four other numbered contingencies.

In the event of default by Buyers, the Residential Sale Contract provided in paragraph 13 that "Seller may either accept the earnest money and release Buyer from the contract (in lieu of making any claim in court), or may pursue any remedy at law."

The Residential Sale Contract showed a closing date of April 30, 1992. On April 24, 1992, Buyers signed a form document entitled "Supplemental Agreement to Contract" which provided "4. We hereby remove the *Contingencies # 2, 3 & 4 of Exhibit A which formed a part of this contract.*" (The document did not indicate if these were the numbered contingencies under the first or the second clause of Exhibit A). On April 30, 1992, both parties signed another "Supplemental Agreement to Contract" changing the closing date to May 29, 1992 or sooner. On May 7, 1992, both parties signed a third "Supplemental Agreement to Contract" in which Buyers requested to purchase Lot 6 of Old Stone Creek in lieu of Lot 5. On May 29, 1992, both parties signed a fourth "Supplemental Agreement to Contract" changing the closing date to June 22, 1992. Each supplemental agreement provided: "ALL OTHER TERMS AND CONDITIONS OF SAID CONTRACT REMAIN UNCHANGED."

On June 8, 1992, Buyers sent a letter to Broker requesting they be released from the contract for three reasons: 1) the bids on their home construction were higher than expected; 2) because of the higher costs they could not provide 10% of the cost of construction and land to obtain financing for the construction and lot purchase loan; and 3) an unfavorable change in job status. Buyers requested return of the $10,000 earnest money.

Buyers filed an action for return of the earnest money. In their first Amended Petition, Buyers alleged that the contract was contingent upon obtaining financing and that they were entitled to "rescind" for failure to obtain financing. After conducting written discovery and document production, both parties filed motions for summary judgment. The ground for Buyers' motion was that the contract became null and void as of March 24, 1992 because Buyers did not have a written commitment for a loan as of that date, had not waived the contingency, and had not sought an extension of time. The trial court granted the Buyers' motion for summary judgment and ordered the $10,000 earnest money returned to Buyers. Seller appeals.

■ Rule 74.04 controls the grant of summary judgment. The version of Rule 74.04(c) which was in effect at the time this matter was before the trial court provided that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Our review of a summary judgment is essentially *de novo. ITT Commercial Fin. Corp. v. Mid-America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). In determining whether to sustain the motion, we use the same criteria for testing the propriety of summary judgment as used by a trial court. *Id.* "The burden on a summary judgment movant is to show a right to judgment flowing from facts about which there is no genuine dispute." *Id.* at 378. "The key to summary judgment is the undisputed right to judgment as a matter of law; not simply the absence of a fact question." *Id.* at 380.

Seller asserts that the trial court erred in granting Buyers' motion because they were not entitled to summary judgment as a matter of law because Buyers waived the financing contingency and defaulted when they failed to close on the contract. Seller contends that Buyers waived the financing contingency on March 24, 1992 by not providing written notice of disapproval as required by Exhibit A of the contract. Buyers argue that summary judgment was properly entered because the contract became null and void under paragraph 4 of the Residential Sale Contract on March 24, 1992 because they did not have financing and did not waive financing in writing at that time.

■ Resolution of this issue depends upon resolution of the conflict between the preprinted language of paragraph 4 of the Residential Sale Contract and the typewritten language of Exhibit A. The rule that all terms of a contract must be given effect, if possible, applies to contracts which are partly printed and partly written as well as those contracts which are wholly printed or wholly written. *Hayward v. Taylor,* 807 S.W.2d 171, 173 (Mo.App.1991). However, if there is an irreconcilable conflict between the printed provisions and the handwritten provisions, the handwritten provisions prevail. *Id.* Likewise, where preprinted portions of a contract conflict with typewritten portions of the same contract, the typewritten portions will prevail. *House of Lloyd v. Director of Reve-*

*nue,* 824 S.W.2d 914, 923 (Mo. banc 1992) (citing *Century 21-Andrews Realty, Inc. v. Adams,* 691 S.W.2d 511, 512 (Mo.App.1985)); *Smith v. Worsham,* 552 S.W.2d 367, 372 (Mo. App.1977).

■ The preprinted language of paragraph 4 provides the contract will become null and void if Buyers failed to obtain a written commitment for a loan or failed to waive the financing contingency in writing by March 24, 1992. On the other hand the typewritten language of Exhibit A deems the financing contingency waived if Buyers failed to give Seller written notice of disapproval by March 24, 1992. These clauses irreconcilably conflict.

Because it was typewritten, Exhibit A controls. Buyers admit they did not provide written notice of disapproval of the items set forth in Exhibit A. Pursuant to Exhibit A, the financing contingency was thus waived on March 24, 1992.

Since the financing contingency was waived, Buyers were not relieved of their obligations under the Residential Sale Contract when they were unable to obtain financing. The trial court erred in entering summary judgment for Buyers.

The judgment of the trial court is reversed and the case is remanded.

CARL R. GAERTNER, and CRANDALL, JJ., concur.