Irene E. JONES, Respondent,

v.

Edward Spierling JONES, Appellant.

No. 40978.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 14, 1979.

Motion for Rehearing and/or Transfer
Denied Sept. 17, 1979.

Application to Transfer Denied
July 15, 1980.

D. Sherman Cox, St. Louis, for appellant.

Shaw, Howlett & Schwartz, Clayton, for respondent.

CRIST, Judge.

Appellant, ex-husband, filed a motion in the court below to modify the alimony he paid his ex-wife. Respondent, ex-wife, moved to dismiss. The court below sustained her motion. Respondent argues to this court that the alimony payments are contractual and therefore are not subject to modification by court order. Apparently, the court below agreed with her; however, we do not. We reverse and remand.

Appellant and respondent were married on May 7, 1938. On February 26, 1963, after divorce proceedings were commenced in December, 1962, the trial court awarded wife $584.92 per month temporary alimony. On June 4, 1963, appellant and respondent executed a property settlement agreement. In that agreement the parties: (1) referred to the divorce case then pending; (2) recited that the purpose of the agreement was "to settle the rights of the parties as to property and alimony in the event that a divorce is granted in said cause"; (3) effected a disposition of all of their property; (4) provided that the agreement was a final settlement of all their property rights; and (5) provided that appellant was to pay respondent "as alimony, the sum of Five Hundred Eighty-four and 92/100 Dollars ($584.92) per month *until further order of the court respecting alimony*, or until the said Irene E. Jones shall remarry." (Emphasis added.)

On the same day, June 4, 1963, the parties were divorced. The trial court ordered appellant to pay his ex-wife "the sum of $584.92 per month as and for alimony." The property settlement agreement was filed and made a part of the decree.

■ Whether the alimony award is decretal or contractual depends upon the intention of the parties. *Kerby v. Kerby,* 544 S.W.2d 292, 294[1] (Mo.App.1976). Every alimony contract referred to or incorporated in a divorce decree must be construed upon its own wording to ascertain the in-

tention of the parties. *Nelson v. Nelson,* 516 S.W.2d 574, 577[3] (Mo.App.1974).

While the property settlement agreement was a comprehensive document, that, in itself, is not controlling. We hold that the parties by their use of the words in the *agreement,* "until further order of the Court respecting alimony, or until the said Irene E. Jones shall remarry," *intended* to authorize the trial court to make an award of alimony that would be subject to modification.

The judgment is reversed and remanded for a hearing on the motion to modify.

REINHARD, P. J., and GUNN, J., concur.