**Warren A. BRUCKER, Respondent,**

v.

**Dorothy A. BRUCKER, Appellant.**

**No. 42364.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 9, 1980.

Timothy V. Barnhart, Nelson B. Rich, St. Louis, for appellant.

William Dorsey, Clayton, for respondent.

REINHARD, Judge.

Appellant (hereinafter referred to as "wife") filed a motion to modify a 1975 dissolution decree seeking an increase in maintenance plus attorney's fees for the prosecution of the motion. Respondent (hereinafter referred to as "husband") filed a motion to dismiss which the trial court sustained on October 8, 1979 on the ground that the separation agreement providing for maintenance of wife represents a contractual arrangement and therefore the provisions found therein, including maintenance, are not subject to modification by the court. After filing a motion for new trial which the court denied, the wife perfected this appeal.

Husband and wife married on May 27, 1944. On August 22, 1975, after dissolution proceedings were commenced on August 4, 1974, the trial court dissolved the marriage. In the decree, the trial court awarded wife the sum of $473.30 per month for maintenance. Further the decree incorporated paragraphs 1, 2, 3, 4, 5 and 13 of the separation agreement signed by the parties on August 8, 1975. In the decree, the trial court specifically found that the separation agreement was "not unconscionable" as to support, maintenance and property and ordered the parties to perform the terms of the agreement.

Paragraph 1 of the separation agreement dealt with the maintenance that wife was to receive from husband, specifically $473.30 per month. Paragraph 13 of the separation agreement dealt with the effective date of maintenance payments and the termination date of temporary maintenance previously ordered. The remaining incorporated paragraphs, Nos. 2, 3, 4, and 5 related to child custody, child support, and division of marital property, which are not at issue here.

On appeal, wife claims the trial court erred in sustaining husband's motion to dismiss wife's motion to modify because the

decree of dissolution was entered after January 1, 1974, and it incorporated the maintenance provisions of the separation agreement which did not expressly limit or preclude modification of the decree. Wife maintains that pursuant to § 452.325, RSMo 1978, maintenance provisions of decrees of dissolution entered on or after January 1, 1974 are modifiable unless the separation agreement expressly limits or precludes modification.

Section 452.325.1 authorizes parties to a marriage who either separate or dissolve their marriage to enter into a written separation agreement containing provisions for, among other things, maintenance of either of the parties. Section 452.325.2 establishes that the terms of the separation agreement except those terms providing for custody, support, and visitation of the children, bind the court in a proceeding for dissolution of marriage or for legal separation unless the court finds that the separation agreement is unconscionable. Section 452.325.3 sets forth how the court can proceed if it finds the separation agreement unconscionable. If the court finds the separation agreement to be conscionable as to support, maintenance, and property, § 452.325.4 states:

(1) Unless the separation agreement provides to the contrary, its terms shall be set forth in the decree of dissolution or legal separation and the parties shall be ordered to perform them; or

(2) If the separation agreement provides that its terms shall not be set forth in the decree, only those terms concerning child support, custody, and visitation shall be set forth in the decree, and the decree shall state that the court has found the remaining terms not unconscionable.

The section of the statute dealing with enforcement of the terms of the separation agreement is § 452.325.5 wherein it is stated, among other things, that all remedies available for the enforcement of a judgment are available to enforce the terms of the separation agreement. Section 452.-325.6 provides: "Except for terms concerning the support, custody or visitation of children, the decree may expressly preclude or limit modification of terms set forth in the decree if the separation agreement so provides."

As is explained in *In re Marriage of Haggard*, 585 S.W.2d 480, 482 (Mo. banc 1979), since the passage of the Dissolution of Marriage Act, Laws of 1973, p. 470, §§ 452.300 *et seq.*, RSMo 1978, eff. January 1, 1974, there are now three categories of maintenance: (1) a private contractual maintenance created by an express agreement between the parties that the maintenance terms shall not be set forth in the decree of the court, (2) maintenance which is agreed to by the parties and is then included in the decree and thus enforceable as a judgment, and (3) maintenance that is not a result of an agreement between the parties, but rather is awarded by the court in the absence of a separation agreement pursuant to § 452.335, RSMo 1978.

As was found in *Haggard*, the maintenance agreement here at issue falls within (2) above pursuant to § 452.325.4(1) because the parties failed to *expressly* exclude it from the decree and is therefore enforceable as a judgment under § 452.325.5.

Husband, in arguing that the trial court correctly sustained his motion to dismiss, tries to revive the old contractual versus decretal maintenance distinction. By relying on cases which involve separation agreements entered into *before* January 1, 1974, husband argues that we must interpret the intention of the parties to determine whether the maintenance award agreed to by the parties is contractual or decretal. Husband cites *Jones v. Jones*, 600 S.W.2d 36 (Mo.App.1979), and *Humphrey v. Humphrey*, 597 S.W.2d 673 (Mo.App.1980). Husband's reliance is misplaced.

Under the new dissolution act, we no longer need to interpret the intent of the parties, rather, the express intent of the parties governs. If the parties desire to create contractual maintenance, they must *expressly* agree that the maintenance terms are not to be incorporated in the court's decree. Here, we have no such statement in the separation agreement and therefore the maintenance award was incorporated in

the decree and is enforceable as a judgment.

Husband further argues that it was the intent of the parties not to modify the award of maintenance. He argues because the parties did not include a statement that they intended the maintenance award to be modifiable, that it is therefore not modifiable. Wife, however, argues that § 452.-325.6 requires an *express* preclusion as to modification and that in its absence, the maintenance award is modifiable by the court. Husband responds to wife's argument by pointing to the "may" language of § 452.325.6. Husband maintains that because § 452.325.6 reads "the decree may expressly preclude or limit modification of terms set forth in the decree if the separation agreement so provides.", it does not present an exclusive way of limiting or precluding modification. Again, husband champions the old "interpretation of the intent of the parties" test for determining the availability of modification.

Husband's argument is without merit and flies in direct conflict with the clear meaning of § 452.325.6. If the parties had wanted to prevent modification of the decree they should have incorporated an express statement to that effect in their separation agreement which in turn would have been incorporated into the decree. The parties' failure to express a statement preventing modification gave the court the jurisdiction to proceed on the motion to modify. As a consequence, we must reverse and remand this case.

Judgment of the trial court ordered reversed and case remanded with orders for the trial court to proceed on the motion to modify.

CRIST, P. J., and SNYDER, J., concur.