Nikki S. BERMAN, Petitioner,

v.

Howard J. BERMAN,
Respondent-Appellant.

No. 49452.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 10, 1985.

Bertram Cooper and Mary E. Davidson, St. Louis, for respondent-appellant.

Theodore Schechter, Clayton, for petitioner.

PUDLOWSKI, Judge.

On January 7, 1982, wife obtained by default a Decree of Dissolution. Incorporated into the Decree were the terms of a Separation Agreement, prepared by wife's attorney and executed by both parties. Alleging that the husband refused to pay any more of her medical expenses incurred after the dissolution as per the Separation Agreement, the wife filed a Motion to Modify to Increase Maintenance (later voluntarily dismissed), Motion for Assignment of Earnings, Motion to Determine Amount Owing and for Execution, Motion for Attorney's Fees and Costs, and Motion for Contempt. Husband then filed a Motion to Modify or Terminate Maintenance and a Petition to Set Aside the Decree of Dissolution.

The Court heard the cause on July 26, 1984, and on October 1, 1984, granted wife's motions (save the Motion for Contempt), holding that the Separation Agree-

ment obligated the husband to pay all of the wife's medical expenses, including those incurred after the Dissolution. The court denied the husband's motions, holding that the maintenance provided for in the Separation Agreement was contractual and non-modifiable (and even if modifiable, husband failed to present evidence warranting termination).

Twelve days later the husband filed a Motion for New Trial, and an Alternative Motion to Open the Judgment, Take Additional Testimony, Amend Findings of Fact, and Direct Entry of a New Judgment. Attached was an affidavit from husband alleging that on August 24, 1984, after the hearing but before the judgment, he became totally disabled, was temporarily hospitalized, lost his practice, and has since been unable to pursue his profession.

The court overruled the motion without evidentiary hearing, and husband appeals, alleging the following:

1. The court erred in holding that maintenance was contractual and non-modifiable, surviving the death of the husband.

2. The court erred in holding that if the maintenance were modifiable husband did not show a sufficient change in circumstances to warrant termination.

3. The court erred in holding that husband was obligated to pay wife's future medical expenses.

4. The court erred in holding that $20,-255.28 was due under the decree since this sum was not supported by substantial evidence.

Our scope of review is limited. We will sustain the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.1976).

### Maintenance

█ Husband first argues that the trial court erred in holding the maintenance provision non-modifiable. In the parties' dissolution decree it was ordered that the parties perform the terms of the separation agreement, incorporated and made a part of the decree. The separation agreement contained the following maintenance provision:

1. Respondent shall pay to petitioner as and for maintenance the sum of Two Thousand Two Hundred Fifty Dollars ($2,250.00) per month for the first twelve (12) months following the dissolution of marriage and Two Thousand Eighty Dollars ($2,080.00) per month thereafter until the death or remarriage of the petitioner herein.

It is the wife's contention that this paragraph created contractual, non-modifiable maintenance, while husband argues that the paragraph created decretal, modifiable maintenance.

RSMo § 452.325 (1978), sets forth the law governing separation agreements:

2. In a proceeding for dissolution of marriage or for legal separation, the terms of the separation agreement, except terms providing for the custody, support, and visitation of children, are binding upon the court unless it finds after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the separation agreement is unconscionable.

4. If the court finds that the separation agreement is not unconscionable as to support maintenance, and property:

(1) Unless the separation agreement provides to the contrary, its terms shall be set forth in the decree of dissolution or legal separation and the parties shall be ordered to perform them;

5. Terms of the agreement set forth in the decree are enforceable by all remedies available for the enforcement of a judgment, and the court may punish any party who willfully violates its decree to the same extent as is provided by law for contempt of the court in any other suit or proceeding cognizable by the court.

6. Except for terms concerning the support, custody or visitation of children, the

decree may expressly preclude or limit modification of terms set forth in the decree if the separation agreement so provides.

Case law interpreting this statute clearly establishes that unless a separation agreement expressly provides that any of its terms are not to be incorporated into the decree it becomes part of the decree and is enforceable by the court. Once incorporated, the agreement is then subject to modification by the court unless the agreement expressly limits or precludes modification.

In *In re Marriage of Haggard*, 585 S.W.2d 480 (Mo.1979), a husband and wife's dissolution decree incorporated the terms of a separation agreement. The agreement contained no express provision that any of its terms were not to be incorporated into the decree. According to its terms, husband would pay maintenance of $275.00 per month. He fell behind in payments and, pursuant to her motion, the wife was granted execution and garnishment of the decree. The Missouri Supreme Court affirmed, holding that since the maintenance provision was not a private contract, it was enforceable as a judgment. The court discussed the applicability of § 452.325 and stated that the statute provides for two categories of maintenance when a separation agreement is involved:

> The parties can keep the maintenance completely a private contractual agreement by expressly so providing in the terms of a separation agreement. This would correspond to the former contractual support. Alternatively, the parties can permit the maintenance agreement to be included in the decree and thus be enforceable as a judgment. This would seem to correspond, at least in part, to the former decretal alimony.

Since the maintenance provision at issue was not expressly excluded from the decree, it became part of the decree and under § 452.325.5 was enforceable as a judgment.

This court in *Brucker v. Brucker*, 611 S.W.2d 293 (Mo.App.1980) followed the reasoning of *Haggard*. A husband and wife's dissolution decree incorporated several terms of a separation agreement, including a provision requiring the husband to pay maintenance of $473.30 per month. The agreement contained no exclusionary language. We reversed the lower court's denial of wife's motion to modify to increase maintenance and held that the separation agreement was not a private contract but was modifiable by the trial court.

We held that in determining whether the maintenance provision is contractual or modifiable the trial courts should no longer attempt to interpret the parties intention; rather, the express intent of the parties governs. In the absence of an express exclusion in the separation agreement maintenance provision is modifiable by the court:

> If the parties had wanted to prevent modification of the decree they should have incorporated an express statement to that effect in their separation agreement which in turn would have been incorporated into the decree. The parties' failure to express a statement preventing modification gave the court the jurisdiction to proceed on the motion to modify.

*Brucker*, 611 S.W.2d at 296. *See also Bryson v. Bryson*, 624 S.W.2d 92 (Mo.App. 1981), *Desloge v. Desloge*, 617 S.W.2d 486 (Mo.App.1981).

The rationale for requiring express exclusionary language in a separation agreement if not all of its terms are to be incorporated into the dissolution decree was explained in *Potter v. Potter*, 621 S.W.2d 123 (Mo.App.1981):

> The provision means, simply, that spouses may settle their property rights between them by agreement rather than by the method of judicial division under § 452.330—but if they do, the expression of that assent must be written. The rationale is to avoid dispute and manifests once again a transcendent purpose of the Dissolution of Marriage Act to avoid litigation beyond the dissolution proceeding, itself.

621 S.W.2d at 125 (citing *Wilhoit v. Wilhoit*, 599 S.W.2d 74, 77) (Mo.App.1980).

Wife does not dispute the law as established by these cases, she only argues that it would be unjust to reject the trial court's conclusion that the overwhelming weight of the evidence showed that maintenance was intended to be non-modifiable. This argument fails in several respects. Although the wife testified that she understood the provision to be non-modifiable and her former attorney testified that he drafted the separation agreement with the intention of providing for contractual, non-modifiable maintenance, case law renders these factors irrelevant. The intentions of the parties are determined by the express provisions of the agreement. *Brucker*, 611 S.W.2d 293, 296. Wife argues that determining intent by only looking at what is expressly provided allows form triumph over substance. Not so. Requiring express language in the agreement furthers the purpose of the statute, i.e., eliminating the puzzle of determining the intent of the parties, thereby avoiding further litigation *Potter*, 621 S.W.2d 125.

A review of statutory authority and case law interpreting the statute establishes that (1) if any terms of a separation agreement are not to be incorporated into a dissolution decree, the separation agreement must expressly provide that they not become part of the decree; and (2) if terms of a separation agreement so incorporated into a dissolution decree are not to be modifiable the agreement must expressly preclude or limit modification of the terms. Absent these express provisions the separation agreement is subject to modification and enforcement by the court.

The separation agreement at issue required the husband to pay monthly maintenance until the wife's death or remarriage. There was no express language precluding either incorporation of the maintenance provision into the dissolution decree or modification of the maintenance provision. Therefore, the provision created decretal, modifiable maintenance.

The trial court denied husband's motion to modify or terminate maintenance, based on his conclusion that the agreement provided for contractual, non-modifiable maintenance. This erroneous declaration of the law warrants a reversal on this issue. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.1976).

The trial court also concluded that maintenance would survive the death of the husband and become a charge on his estate. Since we have determined that the agreement is decretal, the trial court's conclusion should be stricken from the order.

Husband contends that since the maintenance provision incorporated into the decree is modifiable by the court the court erred in denying his motion to terminate maintenance and later, his motion for a new trial.

The original determinations in a divorce proceeding are res judicata as to the facts and circumstances bearing upon the award. *Seelig v. Seelig*, 540 S.W.2d 142, 145 (Mo.App.1976). Before a maintenance decree will be modified or terminated movant must first show that there has been a change in the circumstances of either party so substantial and continuing as to make the terms unreasonable. RSMo § 452.370 (1984). Only after movant has carried this burden will the original decree be disturbed and statutory criteria be used to redetermine the maintenance award. RSMo §§ 452.370 (1984), 452.335 (1978).

The trial court properly denied husband's motion to terminate maintenance since he failed to meet this threshold burden of proof. Husband showed no change in the circumstances of either party. He admits that at the hearing he showed no change in his own circumstances since the time of the original decree.

Moreover, he showed no change in his wife's circumstances. Prior to the original divorce proceeding, husband and wife had agreed to monthly maintenance of $2,080 ($2,250.00 for the first twelve months). At the time of the original decree she was unemployed and had a sporadic work ethic. Her situation has not changed. She is con-

tinuing her sporadic work record, relying on maintenance for income.

■ Husband testified at the hearing that the maintenance agreement had not been based upon whether or not the wife would work. The monthly payments were meant to "get her by in comfort" and she was free to "supplement that through working" if she wished. He now wants to terminate maintenance since it gives wife no incentive to work. Wife's reluctance to work, in view of the fact that she was never expected to seek employment after the dissolution, is not a legal basis upon which to terminate maintenance.

■ The trial court also denied husband's motion for a new trial, since new evidence failed to show a sufficient change in his own circumstances. On October 12, 1984, twelve days after the court entered judgment denying the motion to terminate, husband filed a motion for new trial. He alleged that since August 24, 1984, approximately one month after the hearing, he had become totally disabled, been hospitalized for chemical dependency, lost his position as a physician, and for an "indefinite time" he would be unable to seek employment.

On November 30, 1984, the court denied this motion. We sustain the denial, since the change in circumstances, although substantial, was not continuing. Husband had been unemployed for a relatively short time and had indefinite future employment plans. At that point in time there was no definite indication that his status would not be temporary or that his uncertain situation would be so continuing as to warrant termination or modification of maintenance. Since the purpose behind the statute's strict standard for modification is to discourage repeated or insubstantial motions for modification, denial of husband's motion at that time was proper. *Seelig*, 540 S.W.2d at 146.

If in the future husband's situation still has not changed, he may later file another Motion to Modify or Terminate Maintenance. (*See Holt v. Holt*, 633 S.W.2d 171 (Mo.App.1982), where husband's unemploy-

ment for over 2 years constituted a change in circumstances so substantial and continuing as to make original terms unreasonable. *Compare with Foster v. Foster*, 537 S.W.2d 833 (Mo.App.1976), where evidence that husband's continued unemployment may have been voluntary and the result of no good faith effort to find work provided sufficient basis upon which to refuse reduction in support payments.)

■ Husband's contention that he would be precluded in any future action from raising any changes that occurred after hearing but before the judgment from that hearing is rendered as ill posited. A judgment is res judicata as to issues raised at that trial and applies to related facts which could have been brought forward at that time. *Seelig*, 540 S..W.2d at 145. The husband's unemployment was not raised at the hearing on the motion to terminate and the judgment denying that motion was not based upon husband's evidence of a change in circumstances.

Husband's situation is analogous to that in *Phelps v. Phelps*, 620 S.W.2d 462 (Mo. App.1981). In *Phelps*, the trial court denied wife's post-trial request to present new evidence on her need for medical attention, since her physical condition had been discussed at trial. The court stated that if in the future the wife's medical condition affected her ability to support herself and her children, it could be considered in a motion to modify maintenance.

Based upon the evidence before it, the trial court correctly denied husband's motion for new trial, since there was no substantial and continuing change in his circumstances that would warrant termination of maintenance.

### Medical Expenses

The trial court also held that the separation agreement obligated the husband to pay the wife's medical expenses that she has incurred since the dissolution. Husband finds error in this determination and contends that the agreement obligated him to pay only those medical expenses incurred prior to the dissolution and not any subsequent expenses.

In interpreting a contract the court must ascertain the intentions of the parties and give effect to that intention. *J.L.E. Hathman, Inc. v. Sigma Alpha Episilon Club,* 491 S.W.2d 261, 264 (Mo. banc 1973). The issue here involves interpretation of Paragraph 2 of the separation agreement:

2. Respondent agrees to pay all medical, dental, hospital, medication and all other debts incurred by the petitioner herein, supplied by the health care provider and agrees to indemnify and hold the Petitioner harmless for all costs and expenses arising therefrom including reasonable attorney's fees.

A contract is ambiguous only when it is reasonably susceptive of different constructions. *Id.* at 264. Both parties interpret Paragraph 2 differently. Husband argues that the use of the past tense verbs "incurred" and "supplied" limits his obligation to the medical debts incurred before the dissolution. Wife argues that other paragraphs in the separation agreement limiting husband's obligation to certain prior-dissolution debts expressly do so by including the language incurred (or acquired) "by the parties during the course of the marriage." She claims that the absence of such language in Paragraph 2 indicates husband's liability for past and future medical expenses. Since both constructions of the paragraph are reasonable, it is ambiguous.

To give construction to an ambiguous contract which will reflect the parties' intent, the court can consider extrinsic evidence, including the circumstances surrounding the execution of the contract and the interpretation given to the contract by the parties. *La Barge v. Berndsen,* 681 S.W.2d 441, (Mo.banc 1984), *Buchmiller v. Buchmiller,* 566 S.W.2d 256, 259–260 (Mo. App.1978). The trial court implicitly concluded that Paragraph 2 was ambiguous, since in addition to looking at the language of the separation agreement itself, the court also relied on the husband's actions of continuing to pay the wife's medical bills for 1½ years after the dissolution and the testimony of the wife, her attorney and the husband in determining the husband's obligation to pay.

We disagree with the trial court's conclusion regarding the husband's actions. After the dissolution both parties remained amicable and for 1½ years the husband continued to pay many of the wife's expenses which she incurred during that period. The expenses included personal items (for which the wife was undoubtedly responsible) as well as medical bills. The husband's voluntarily helping his ex-wife with her other expenses does not support any conclusion that he thought he was legally obligated to pay the medical expenses.

We agree with the trial court's ultimate judgment, however, since the testimony was persuasive that the husband remain legally obligated to pay the wife's future medical expenses. The wife testified that in discussions prior to the drafting of the separation agreement she and her husband had agreed to pay her medical expenses incurred subsequent to the dissolution. The wife's attorney testified that he drafted the agreement according to the wife's instructions that the husband would be so liable. The husband testified that in the preliminary discussions he had agreed to pay the wife's future medical bills that were not covered by her medical insurance. Later when he signed the agreement he saw no provision requiring the wife to have insurance coverage or requiring him to pay future bills. He then thought that contrary to prior discussions he would not be liable. However, it was his underlying intentions throughout the discussions to pay such bills. Furthermore, although no provision required insurance, all of the expenses were incurred while the wife had medical insurance. The amount demanded is the net sum due after payment of insurance.

The rule that ambiguities are to be construed against the maker of the contract only applies in the absence of any evidence showing the parties' intentions.

*Buchmiller,* 566 S.W.2d at 260. Here, such evidence is provided by the testimony of the wife, her attorney, and the husband that the parties intended the husband to pay the wife's medical expenses incurred subsequent to the dissolution. Although the agreement is silent as to medical insurance, the wife was insured during the time the expenses were incurred.

 The court in its finding of facts found that the husband was obligated to pay medical expenses in the amount of $20,255.28. Husband argues that the amount found due and owing was not supported by substantial evidence, since in addition to the submission of the medical bills, wife must also submit evidence as to the propriety of the services, the amount charged, and the reasonableness of the charge. The cases husband relies on correctly state the rule for personal injury cases in which medical bills are items of special damages and must comply with the aforementioned requirements. This is not the situation here.

The wife submitted into evidence Exhibit 1, consisting of outstanding bills from health care providers and cancelled checks representing comparable medical expenses paid for by the wife. The court calculated the outstanding bills and the amount paid by wife ($6,122.70) and not reimbursed by husband and arrived at $20,255.28. We conclude there was sufficient evidence to sustain the court's admission and determination of the amount of medical expenses due and owing.

Accordingly, we reverse the trial court's judgment that maintenance was contractual and non-modifiable and order that the maintenance provision be decretal. We further strike the court's order which concluded that maintenance would be chargeable on appellant's estate. In all other respects the judgment is affirmed in conformity with this opinion.

CRANDALL, P.J., and SATZ, J., concur.