**Michael B. SEIP, Appellant,**

v.

**Jane A. SEIP (Gaskill), Respondent.**

**No. WD 38344.**

Missouri Court of Appeals,
Western District.

March 3, 1987.

Keith Hicklin, Hicklin, & Dial, Memphis, for appellant.

James S. Cole, Mulford & Cole, Kirksville, for respondent.

Before PRITCHARD, P.J., and KENNEDY and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

The custodial parent, Jane A. Seip (Gaskill), filed a motion to modify a separation agreement incorporated into a 1980 Decree of Dissolution of Marriage. She sought to increase child support and make inapplicable § 152(e)(4) of the Internal Revenue Code so she could claim the tax dependency exemption for her two minor children. The separation agreement had allocated the dependency exemption to her ex-husband Michael B. Seip. The trial court granted the motion to modify and Michael appeals. His sole point is that the trial court lacked jurisdiction to modify the dependency exemption provision because the separation agreement was contractual.

The relevant portions of the Internal Revenue Code must be set out before Michael's argument can be considered. Section 152, the dependency exemption provision, was amended in 1984. Under the prior law, the noncustodial parent received the exemption if (1) he or she was awarded the exemption under the dissolution decree and paid at least $600 per year per child in support; or (2) he or she paid at least $1,200 per year per child in support and the custodial parent did not prove he or she provided more support than the custodial parent during the year, *Davis v. Fair*, 707 S.W.2d 711, 715 (Tex.App.1986). The new section 152 gives the exemption to the custodial parent with some exceptions. One exception is if the custodial parent releases his or her claim to the exemption to the noncustodial parent. A second exception arises in the case of multiple support agreements. *Corey v. Corey*, 712 S.W.2d 708, 710–11 (Mo.App.1986), Deficit Reduction Act of 1984, Pub.L. No. 98–369, 1984 U.S.Code Cong. & Ad.News (98 Stat. 494), 697, 1140–41. The third exception and the one critical here, is set out below:

(e) Support test in case of child of divorced parents, etc.

(4) Exception for certain pre–1985 instruments—

(A) In general—A child of parents described in paragraph (1) shall be treated as having received over half his support during a calendar year from the noncustodial parent if

(i) a qualified pre–1985 instrument between the parents applicable to the taxable year beginning in such calendar year provides that the noncustodial parent shall be entitled to any deductions allowable under section 151 for such child, and

(ii) the noncustodial parent provides at least $600 for the support of such child during such calendar year.

For purposes of this subparagraph, amounts expended for the support of a child or children shall be treated as received from the noncustodial parent to the extent that such parent provided amounts for such support.

(B) Qualified pre–1985 instrument.—

For purposes of this paragraph, the term "qualified pre–1985 instrument" means any decree of divorce or separate maintenance or written agreement—

(i) which is executed before January 1, 1985,

(ii) which on such date contains the provision described in subparagraph (A)(i), and

(iii) *which is not modified on or after such date in a modification which expressly provides that this paragraph shall not apply to such decree or agreement.* (Emphasis added.)

In essence, § 152(e)(4) creates an exception to continue existing law for certain decrees or agreements which are executed before January 1, 1985, and which give the dependency exemption to the noncustodial parent. If such an agreement exists, the noncustodial parent may claim the dependency exemption if he or she provides at least $600 in child support per year. However, under subsection (4)(B)(iii), "The parties may modify the decree or agreement to make this rule inapplicable by expressly so providing." *Defecit Reduction Act, supra.*

The 1980 separation agreement here fits within § 152(e)(4) and thus Michael can claim the exemption. However, Jane invoked subsection (4)(B)(iii), set out above, and filed this action to modify the agreement and make § 152(e)(4) inapplicable. The trial court granted her motion to modify. Consequently, the exception now does not apply, and Jane, as custodial parent, is entitled to the exemption. Michael argues on appeal that the trial court lacked jurisdiction to modify the agreement because it is a contract. The trial court's decision to modify will be sustained unless there is no substantial evidence to support it, it is against the weight of evidence or unless it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

■ Dissolution Decrees granted after January 1, 1974 are governed by the Dissolution of Marriage Act, V.A.M.S. §§ 452.-300–452.415, *Davis v. Davis,* 687 S.W.2d 699, 701 (Mo.App.1985). Section 452.325 covers separation agreements and provides in part:

4. If the court finds that the separation agreement is not unconscionable as to support, maintenance, and property:

(1) Unless the separation agreement provides to the contrary, its terms shall be set forth in the decree of dissolution or legal separation and the parties shall be ordered to perform them; or

(2) If the separation agreement provides that its terms shall not be set forth in the decree, only those terms concerning child support, custody and visitation shall be set forth in the decree, and the decree shall state that the court has found the remaining terms not unconscionable.

5. Terms of the agreement set forth in the decree are enforceable by all remedies available for the enforcement of a judgment, and the court may punish any party who willfully violates its decree to the same extent as is provided by law for contempt of the court in any other suit or proceeding cognizable by the court.

6. Except for terms concerning the support, custody or visitation of children, the decree may expressly preclude or limit modification of terms set forth in the decree if the separation agreement so provides.

Absent an expressed intention to the contrary, a separation agreement not found to be unconscionable is incorporated into the judgment and becomes decretal. *Craver v. Craver,* 649 S.W.2d 440, 444 (Mo. banc 1983), *Davis v. Davis, supra,* at 701. The principal difference between decretal and contractual obligations is that contractual obligations can not be modified absent a showing of fraud, duress, or illegality. Decretal obligations may be subsequently modified. *Craver,* supra at 444, *Haggard v. Haggard,* 585 S.W.2d 480, 481–82 (Mo. banc 1979). However, although incorporated into a dissolution decree, a separation agreement may not be modified if the agreement itself so provides. *Davis, supra,* at 701, § 452.325(6). "Once incorporated, the agreement is then subject to modification by the court unless the agreement expressly limits or precludes modification." *Berman v. Berman,* 701 S.W.2d 781, 785 (Mo.App.1985).

In *Berman, supra,* the husband and wife's separation agreement was incorporated into the dissolution decree. The husband sought to modify or terminate the maintenance provision in the decree. The wife argued the agreement was contractual and could not be modified. The husband claimed it was decretal. The court found for the husband. The agreement was decretal because it was incorporated into the decree and "in the absence of an express exclusion in the separation agreement, [the] maintenance provision is modifiable by the court." 701 S.W.2d at 785.

A somewhat similar situation occurred in *Davis v. Davis, supra.* However, in that case the separation agreement did contain a clause precluding modification. As a result, the court was without jurisdiction to increase maintenance due the wife. *Id.* at 702. In *Brucker v. Brucker,* 611 S.W.2d 293 (Mo.App.1980), the court modified an agreement incorporated in the decree where the agreement did not forbid modification. The court stated:

> If the parties had wanted to prevent modification of the decree they should have incorporated an express statement to that effect in their separation agreement which in turn would have been incorporated into the decree. The parties' failure to express a statement preventing modification gave the court jurisdiction to proceed on the motion to modify.

611 S.W.2d at 296.

■ The controlling question here, is whether the 1980 separation agreement barred future modification. It did not. The agreement stated "this agreement shall be incorporated into the decree so dissolving said marriage." The court found the agreement not unconscionable and incorporated it into the decree. No where in the agreement did the parties express an intent to bar future modification. If the parties had wanted to prevent later changes, they could have so stated. This was not done and so the trial court had jurisdiction to modify the agreement. The trial court's order making § 152(e)(4) inapplicable was proper. *Bryson v. Bryson,* 624 S.W.2d 92, 95 (Mo.App.1981).

This court also notes that the language of § 152(e)(4)(B)(iii) implicitly permits modification of the tax exemption provisions in a separation agreement. The provision states in part "... which is not modified on or after such date in a modification ..." The reference to modification suggests courts have the power to alter separation agreements in these circumstances. The court in *Davis v. Fair, supra,* so found when it concluded the section itself authorized modification. The court stated at 716:

> Subsection (4)(B)(iii) merely gives a court the power to modify a pre-January 1, 1985, instrument which already contains a provision granting the noncustodial parent the right to any deduction allowable under Section 151 of the Internal Revenue Code.

In *Niederkorn v. Niederkorn,* 616 S.W.2d 529, 533 (Mo.App.1981), the court determined it had jurisdiction to determine which party receives the tax exemption, provided the power is exercised in accord with and not contrary to the provisions of the Internal Revenue Code. Given that power, the express language of subsection (4)(B)(iii) and the absence of a clause precluding modification in the agreement itself, the court's jurisdiction to modify in this case is firmly established.

The judgment of the trial court is affirmed.

All concur.