**LaVerne Bernice PAFFRATH,**
**Plaintiff/Respondent,**

**v.**

**Herman Gustave PAFFRATH,**
**Defendant/Appellant.**

**No. 73259.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 29, 1998.

---

Darryl L. Hicks, Warrenton, for defendant/appellant.

Edie H. Jansson, St. Charles, for plaintiff/respondent.

PUDLOWSKI, Presiding Judge.

LaVerne Paffrath (Wife) filed her Petition for Dissolution of Marriage against Herman Paffrath (Husband) on January 31, 1995. A Marital Settlement Agreement (Agreement) was reached on June 29, 1995. By the Agreement, Husband was to pay Wife "$400.00 per week as and for maintenance and it is the intention of the parties that said maintenance shall be non-modifiable." That same day, in the Judgment of Decree of Dissolution (Decree), the court found the Agreement reasonable and not unconscionable, incorporated its terms and ordered Husband to pay Wife $400.00 weekly maintenance.

On July 21, 1997, Husband filed his Motion for Modification of Decree seeking modification of the weekly maintenance allowance. Wife filed her motion to dismiss Husband's motion to modify on the grounds that the weekly maintenance was non-modifiable. The court heard Wife's motion to dismiss on September 9, 1997, and granted it September 11, 1997, holding the maintenance order was non-modifiable. Husband appeals. We affirm.

Husband contends the court erred in dismissing his Motion for Modification of Decree because: (1) pursuant to Section 452.325–6 RSMo.[1] the Agreement did not

1. All statutory references are to RSMo.1994.

expressly preclude modification of maintenance; (2) pursuant to Section 452.335–3 the Decree did not make maintenance non-modifiable in that it simply stated the intentions of the parties; and (3) even if the Agreement's maintenance provision complies with Section 452.325–6, the court still lacked evidence to make the maintenance order non-modifiable under Section 452.335–1

We will sustain the court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976).

Husband first alleges maintenance is modifiable because the Agreement did not expressly preclude modification pursuant to Section 452.325–6. Section 452.325–6 states "the decree may expressly preclude or limit modification of terms set forth in the decree if the separation agreement so provides." Case law interpretation of this Section makes it clear that unless the agreement expressly provides that any of its terms are not to be incorporated into the decree, it becomes part of the decree and is enforceable by the court. Berman v. Berman, 701 S.W.2d 781, 785 (Mo. App. E.D.1985). "Once incorporated, the agreement is then subject to modification unless the agreement expressly limits or precludes modification." *Id.* According to the Agreement, Husband was to pay Wife "Four Hundred Dollars per week as and for maintenance and it is the intention of the parties that said maintenance shall be non-modifiable." The court incorporated its terms into the Decree, and thereafter modification was permissible unless expressly precluded. The Agreement did expressly provide that the parties intended maintenance to be non-modifiable and under Section 452.325–6 the Decree properly precluded modification of Wife's maintenance.

In his second argument, Husband avers that pursuant to Section 452.335–3 the Decree did not make maintenance non-modifiable because it merely stated the intentions of the parties. Under Section 452.335–3, "the maintenance order shall state if it is

modifiable or non-modifiable." The Decree stated that as per the intentions of the Agreement, the maintenance is non-modifiable The express intent of the parties determines whether a maintenance clause is modifiable. Berman, 701 S.W.2d at 785. The express intent of the parties that maintenance was to be non-modifiable could not have been more evident. The court's Decree properly found maintenance non-modifiable pursuant to 452.335–3.

 Husband finally asserts that even if the Agreement's maintenance provision complies with Section 452.325–6, the court still lacked evidence to make the maintenance order non-modifiable under Section 452.335–1. Husband contends In re the Marriage of Robert Michael Lawry and Sara Sue Lawry v. Lawry, 883 S.W.2d 84 (Mo.App. S.D.1994) supports his allegation that the court's reliance on the Agreement alone was insufficient to find maintenance non-modifiable. *Lawry* is dissimilar as there was no evidence presented to the court justifying a non-modifiable maintenance award. *Id.* In this case, the court relied on the parties intentions that maintenance be non-modifiable. The express statement in the Agreement that "it is the intention of the parties that said maintenance be non-modifiable" was substantial evidence for the court to find the maintenance order non-modifiable. Point denied.

Judgment is affirmed.

CRANDALL and AHRENS, JJ., concur.