David C. BARBEAU,
Petitioner/Appellant,

v.

Nancy L. BARBEAU,
Respondent/Respondent.

No. ED 79846.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 2, 2002.

Susan Hais, Hais & Carmody, P.C., Clayton, MO, for Appellant.

Nelson Lewis Mitten, Riezman Berger P.C., Clayton, MO, for Respondent.

SHERRI B. SULLIVAN, Presiding Judge.

### Introduction

David C. Barbeau (Husband) appeals from the trial court's judgment denying his Motion to Modify and granting Nancy L. Barbeau's (wife) Motion to Dismiss in part. We affirm.

### Factual and Procedural Background

Husband and Wife were married on February 6, 1970. Their marriage was dissolved by a Decree of Dissolution (Decree) entered on February 22, 1983, which incorporated all of the terms of a Separation Agreement (Agreement) entered into between Husband and Wife except Section VIII of the Agreement, which provided for contractual maintenance. On March 14, 1983, Wife filed a Motion to Amend Decree of Dissolution, requesting that a new Agreement be entered in substitution of the previous one, changing only the terms in Section IX of the Agreement, which provided for medical bills, health and life insurance. On March 18, 1983, the substituted Agreement was entered by consent of the parties, along with a Memorandum that stated that all other provisions of the Decree and the Agreement would remain in full force and effect.

Section VIII provides as follows:

Husband shall pay to Wife the sum of Two Hundred Fifty Dollars ($250.00) per week as and for maintenance; said maintenance to terminate on the death of either party or remarriage of Wife. All such payments shall be effective upon the entry of Decree of Dissolution by the Court. All payments to be made through the Clerk of the Circuit Court of St. Louis County, Missouri.

Section XIV of the Agreement provides for incorporation of the terms of the Agreement as follows:

Husband and Wife agree that this Separation Agreement shall be submitted to the Court for approval and that the terms of this Agreement shall, if approved by the Court, be incorporated into any Decree which may hereafter be entered by the Court.

However, the Decree and the Order granting the Decree specifically exclude Section VIII, the contractual maintenance provision of the Agreement, from incorporation into the Decree. The Order provides: "Separation Agreement (except paragraphs [sic] Section VIII Contractual Maintenance) to be incorporated and made part of the decree" (emphasis in original). The Decree provides: "It is further ordered, adjudged and decreed that the parties perform the terms of their separation agreement attached hereto, incorporated herein, and made part of this decree, except Section VIII: Contractual Maintenance."

On June 6, 2000, Husband filed his Motion to Modify, seeking to terminate his maintenance obligations under Section VIII as well as his obligations under Section IX regarding Wife's medical bills, health and life insurance. On July 24, 2000, Wife filed a Counter Claim seeking reimbursement of certain health insurance expenses and a Motion to Dismiss [Husband's] Motion to Modify. On October 31, 2000, the trial court entered its judgment granting Wife's Motion to Dismiss in part as it related to Husband's Motion to Modify maintenance, finding that the terms Husband sought to modify were contractual and therefore non-modifiable. On June

12, 2001, a final judgment was entered after transfer of the remaining issues in the case for trial to the Honorable Steven H. Goldman. This appeal followed.

## Point on Appeal

In his point relied on, Husband asserts that the trial court erred when it granted Wife's Motion to Dismiss Husband's Motion to Modify on the grounds that the provisions of the Decree relating to maintenance were contractual and therefore non-modifiable, because the Agreement entered into by the parties did not contain an express exclusion that the award of maintenance was non-modifiable.

## Standard of Review

█ When reviewing a denial of a motion for modification of a dissolution decree, the reviewing court will affirm the decision of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Lueckenotte v. Lueckenotte*, 34 S.W.3d 387, 397 (Mo.banc 2001).

## Discussion

█ There are three types of maintenance: 1) decretal maintenance ordered by the court; 2) private contractual maintenance agreed to by the parties but not incorporated into the dissolution decree; and 3) separation agreement decretal maintenance agreed to by the parties and incorporated into the dissolution decree. *Peaslee v. Peaslee*, 844 S.W.2d 569, 572 (Mo.App. E.D.1992). In order to create contractual maintenance, the parties must expressly agree that the maintenance terms are not to be incorporated into the dissolution decree. *Perkinson v. Perkin-*

*son*, 869 S.W.2d 170, 172 (Mo.App. E.D. 1993). In the instant case, the language of the Order and Decree show that Husband and Wife clearly agreed that the maintenance terms in the Agreement were not to be incorporated into the Decree. The maintenance in this case is contractual, and therefore non-modifiable.

Husband argues that a decree of dissolution can limit the modifiability of the maintenance terms only if the settlement agreement provides explicit instructions to that effect. In support of this argument, Husband cites Section 452.325.4,[1] which provides:

4. If the court finds that the separation agreement is not unconscionable as to support, maintenance, and property:

(1) Unless the separation agreement provides to the contrary, its terms shall be set forth in the decree of dissolution or legal separation and the parties shall be ordered to perform them;.....

Husband maintains that pursuant to this section, because the Agreement contains no express language indicating that Section VIII was to be non-modifiable, it is therefore modifiable. He also cites language in *Berman v. Berman*, 701 S.W.2d 781, 786 (Mo.App. E.D.1985), to that effect:

The separation agreement at issue required the husband to pay monthly maintenance until the wife's death or remarriage. There was no express language precluding either incorporation of the maintenance provision into the dissolution decree or modification of the maintenance provision. Therefore, the provision created decretal, modifiable maintenance.

In the instant case, there is express and specific language in the Decree and Order precluding incorporation of Section VIII into the Decree. Although there is no

---

1. All statutory references are to RSMo (2000), unless otherwise indicated.

such language in the Agreement itself, we do not find that dispositive of the issue. In *Berman*, there was no language anywhere prohibiting incorporation of the maintenance provisions into the decree of dissolution. Rather, the wife's argument was that since maintenance was to be furnished until her death or remarriage, it was implied that the maintenance was non-modifiable. We disagreed with the wife's argument, finding that the language of the agreement governed the intent of the parties. *Id.* In the instant case, the language of the Order and Decree makes it abundantly clear that the maintenance provisions were intended to be excluded from the Decree and to be contractual and non-modifiable. To find otherwise would be a clear subversion of the parties' intent, which is unmistakably evidenced by the express language of the Order and the Decree. *See Id.* at 786.

■ Husband's interpretation of *Berman* and Section 452.325.4 to mean that *only* the separation agreement's language is relevant when determining whether or not the maintenance provisions are to be incorporated into the Decree elevates form over substance, especially in the face of such a clear and considered decision articulated in both the Order and the Decree *not* to incorporate the maintenance provisions. The language of the Decree and Order expressly excluding Section VIII from the Decree is relevant, determinative and dispositive evidence of the parties' intent to make the maintenance provisions contractual and non-modifiable. Husband cannot overcome that persuasive evidence by pointing out that there is no such wording in the Agreement itself.

Husband also maintains that the trial court's March 18, 1983 Order, which substituted the amended separation agreement for the prior separation agreement, does not contain any language limiting the legal effect of the new agreement, which by its own terms (1) contains no language limiting modification of maintenance, and (2) expressly states it is to be incorporated into the Decree. The March 18 Order noted that the Decree was amended only to the extent of the amended terms in the Agreement, and that "all other provisions of said Decree" together with the Agreement of March 16 "shall remain in full force and effect." "All other provisions of said Decree" include the express exclusions of Section VIII from the Decree.

■ In addition, we note that the trial court has power to modify only what is in the Decree. The maintenance provisions in this case were not in the Decree, in fact, they were expressly excluded from the Decree by language contained within the Decree. For this simple reason, we find the trial court did not err in dismissing Appellant's Motion to Modify something it had no power to modify in the first place. *See e.g., Keltner v. Keltner,* 589 S.W.2d 235, 238 (Mo.banc 1979) (statutory alimony is subject to modification while contractual alimony is not). Appellant should have appealed the Decree at the time it was handed down if his position was that the parties did not intend to have the Decree expressly exclude the maintenance provisions. A motion to modify maintenance should not be used as an appeal from the initial decree of dissolution. *McKinney v. McKinney,* 901 S.W.2d 227, 229 (Mo.App. S.D.1995).

## Conclusion

For the foregoing reasons, Husband's point on appeal is denied. The judgment of the trial court is affirmed.

LAWRENCE G. CRAHAN, and LAWRENCE E. MOONEY, JJ., concur.